# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EZEQUIEL RIVERA,**

      **Plaintiff,**

    **v.**                     **Case No. 26-CV-241**

**NESTLÉ USA, INC.,**

      **Defendant.**

## ORDER

Ezequiel Rivera, proceeding pro se, brings another action against his former employer, Nestlé USA, Inc. (ECF No. 1 at 1.) Rivera claims Nestlé wrongfully discharged him in violation of public policy after an altercation occurred between Rivera and another employee. (ECF No. 1-2 at 340.)

This is not Rivera's first lawsuit stemming from his employment and subsequent termination by Nestlé, or even his first one in front of this court. *See Rivera v. Nestle USA Inc., et al,* No. 25-CV-1643-BBC (E.D. Wis. Oct. 27, 2025); *Rivera v. Sedgwick Claims Management Services, et al.*, No. 24-CV-3247 (D. Minn. July 7, 2025); *Rivera v. Nestle USA Inc.*, No. 1:24-CV-691-WCG (E.D. Wis. June 3, 2024); *Rivera v. ACE Fire Underwriters Ins. Co.*, No. 24-CV-2610 (E.D. Pa. June 3, 2024); *Rivera v. Nestle USA Inc.*, No. 23-CV-1431-WCF (E.D. Wis. Oct. 27, 2023). Although Rivera presents different claims and shifts parties, every action is rooted in the same

facts surrounding his termination. He has previously alleged discrimination, fraud, bad faith, retaliation, and conspiracy, to name a few. *See Sedgwick Claims Mgmt. Servs.* at *1-3.

Rivera initially filed this suit in Outagamie County Circuit Court. *See Ezequiel Rivera vs. Nestle USA, Inc.*, Outagamie County Case No. 2025CV001132, Wisconsin Circuit Court Access, https://wcca.wicourts.gov. Nestlé removed the case to the Eastern District of Wisconsin, but this court remanded the case back to state court for lack of jurisdiction. Rivera has since amended his complaint to remove the non-diverse defendants. (ECF No. 1-2 at 336.) As a result, Nestlé again removed the case to this court. (ECF No. 1.) Nestlé now moves the court to dismiss Rivera's complaint for failure to state a claim for relief. (ECF No. 8.)

## I.        Jurisdiction

Because Nestlé removed this action from state court, the court must first determine whether it has jurisdiction. The removal statute "should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000). The party seeking removal bears the burden of establishing federal jurisdiction, and courts resolve any doubt in favor of remand. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

A defendant may remove a case to federal court only when the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *Ne. Rural Elec. Mbrshp. Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir.

2

2013). Rivera's claim does not arise under federal law. But "[t]he diversity statute, 28 U.S.C. § 1332, grants jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *Webb v. Fin. Indus. Regulatory Auth.*, 889 F.3d 853, 856 (7th Cir. 2018). Rivera argues that because his amended complaint does not state a specific damages amount, Nestlé cannot meet the amount-in-controversy requirement to invoke diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 15 at 1.) Nestlé maintains that given Rivera's former wage of $26.35, it is reasonable to conclude Rivera's request for back-pay would exceed $75,000. (ECF No. 1 at 3.)

Nestlé's removal is proper pursuant to 28 U.S.C. § 1332. "[T]o file a notice of removal, a defendant need only show that it is more likely than not that the case will exceed the jurisdictional threshold for diversity." *Rock Hemp Corp. v. Dunn,* 51 F.4th 693, 699 (7th Cir. 2022) (citation omitted); *see also Rubel v. Pfizer, Inc.,* 361 F.3d 1016, 1020 (7th Cir. 2004) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence."). Complete diversity exists between Rivera and Nestlé, and Nestlé has pointed to allegations put forth by Rivera sufficient to satisfy the federal jurisdiction minimum. *See, e.g., Epstein v. Target Corp.*, No. 06 C 7035, 2007 U.S. Dist. LEXIS 11680, at *7 (N.D. Ill. Feb. 15, 2007) (explaining that plaintiff's annual wage and the amount of time from filing to trial sufficiently demonstrates that the "back-pay award alone could exceed the jurisdictional amount."). Consequently, Rivera's motion to remand (ECF No. 14) will be denied.

## II. Analysis

Nestlé argues that Rivera's claim for wrongful termination is barred by the common law doctrine of res judicata. (ECF No. 9 at 4.) Alternatively, Nestlé contends that Rivera's complaint fails under *Brockmeyer v. Dun & Bradstreet*. (ECF No. 9 at 4.) The court will examine Nestlé's defense of res judicata first.

Res judicata, or claim preclusion, prohibits a party from relitigating "issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412, 140 S. Ct. 1589, 1594, 206 L.Ed.2d 893, 900 (2020); *see also LeSure v. Walmart Inc.*, No. 23-cv-01002-bhl, 2023 U.S. Dist. LEXIS 214538, at *1 (E.D. Wis. Dec. 1, 2023) (explaining that res judicata "bars a party from presenting related claims in piecemeal fashion in multiple lawsuits"). The doctrine exists to minimize the expense and vexation of multiple lawsuits, conserve judicial resources, and increase faith in the courts by limiting inconsistent decisions. *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co.*, 649 F.3d 539, 547 (7th Cir. 2011), citing *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

Res judicata bars a subsequent action where there is "(1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first; and (3) an identity of the causes of action." *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021). The defense may be raised on a motion to dismiss when "premised on public records, and no further information or discovery is required." *Lechnir v. Wells*, 157 F. Supp. 3d 804, 808 (E.D. Wis. 2016); *see also Carr v. Tillery,* 591 F.3d 909, 913 (7th

Cir. 2010) (affirming dismissal on res judicata grounds under Rule 12(b)(6) because "[the district court judge] had before him all he needed in order to be able to rule on the defense").

An identity of the parties exists when the parties are the same in both suits. *Smith v. Chicago*, 820 F.2d 916, 917 (7th Cir. 1987). There is no doubt that the parties are the same here. In this suit, as previously done, Rivera named Nestlé as the defendant. Although Rivera's earlier suit named additional defendants, they were quickly dismissed by the court and litigation proceeded only as to the claims against Nestlé. *See Rivera v. Nestle USA Inc.,* No. 23-cv-01431-WCF (E.D. Wis. Nov. 27, 2023). Had the defendants not been dismissed, they still would have been "in privity" with Nestlé. *See Tice v. Am. Airlines,* 162 F.3d 966, 971 (7th Cir. 1998) (noting that "privity is now seen as a descriptive term for designating those with a sufficiently close identity of interests.") (citation omitted).

It is also clear that a final judgment was rendered in Rivera's prior lawsuit. A final judgment on the merits is one that "completely disposes of the underlying cause of action . . . or determines that the plaintiff has no cause of action." *Ramirez v. Dane Cty.*, No. 20-cv-1027-wmc, 2024 U.S. Dist. LEXIS 80499, at *7 (W.D. Wis. May 1, 2024), citing *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981). In Rivera's previous suit, this court granted summary judgment in favor of Nestlé, and the United States Court of Appeals for the Seventh Circuit affirmed that decision. *See Rivera v. Nestle USA Inc.,* No. 23-cv-01431-WCF (E.D. Wis. Oct. 27, 2023); *Rivera v. Nestle USA Inc.,* No. 25-1338 (7th Cir. Nov. 7, 2025). "[S]ummary

judgment *is* a final judgment on the merits for purposes of claim preclusion." *Qualls v. NIU Bd. of Trs.*, 272 F. App'x 512, 513-14 (7th Cir. 2008).

Thus, what remains is whether "an identity of the cause of action in both the earlier and later suit" exists. *Smith*, 820 F.2d at 917. This element is satisfied when "the claims arise out of the same set of operative facts or the same transaction." *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021). The legal theories for the claims in each case need not be the same provided they are based on the same, or nearly the same, factual allegations. *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). The court should focus on whether the claims in each suit involve the same core of operative facts. *Id.* "Anything falling within that common nucleus, whether or not actually raised, falls within the scope of the claim and is thus subject to claim preclusion in a later case." *Daza v. Indiana,* 2 F.4th 681, 684 (7th Cir. 2021).

Rivera argues that res judicata does not apply because his new complaint presents "legally distinct causes of action." (ECF No. 11 at 4.) But relying on a different legal theory does not create a new identity of the cause of action. *See Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co.,* 649 F.3d 539, 548 (7th Cir. 2011) ("Under well-established claim-preclusion doctrine, this common nucleus of operative facts means the claims are the same even though they involve different legal theories."); *Ramirez v. Dane Cty.*, No. 20-cv-1027-wmc, 2024 U.S. Dist. LEXIS 80499, at *11 (W.D. Wis. May 1, 2024) ("In other words, a plaintiff cannot avoid claim preclusion by adding new theories to the second suit.").

Rivera's suits are premised on the same core of operative facts—facts that he emphasizes again and again in all his filings. Rivera consistently challenges being terminated for "fighting" when "there were no cameras, no witnesses, conflicting statements, and no way to determine what really happened." (ECF No. 11 at 1.) In his earlier suit, Rivera brought claims of discrimination after being terminated by Nestlé following the altercation at work. *See Rivera v. Nestle USA Inc.,* No. 23-cv-01431-WCF (E.D. Wis. Feb. 21, 2025). Here, Rivera claims he was wrongfully discharged in violation of public policy because of that very same altercation. (ECF No.1-2 at 340.)

Whether Rivera was pushed or not, his suit here stems from the very same conduct alleged previously. Presenting a new legal theory under *Brockmeyer* does not change the fact that Rivera's new claims arise from the same transaction as the old. Although Rivera argues that he "could not have brought the *Brockmeyer* claim in the prior case," he does not expand past that conclusory statement. Given that his *Brockmeyer* claim relies on the same facts as his previous suit, the court sees no reason for why the claim could not have been raised earlier. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir. 1986) ("Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

The court recognizes that this outcome may be frustrating to Rivera. But because his factual allegations against Nestlé have already been litigated and a final judgment was rendered, res judicata bars all further claims that arise from that same

core set of facts. *See, e.g., Daza v. Indiana*, 2 F.4th 681, 683 (7th Cir. 2021) ("The logjam that would develop if people could take second, third, or nth bites at the apple without restriction would end up greatly delaying, or even denying, access to the courts for people with new claims.").

### III. Conclusion

Rivera's claims are barred under the doctrine of res judicata, and his suit must be dismissed. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("When it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate.").

Rivera's motion for leave to file sur-reply (ECF No. 18) and motion for order to take judicial notice of economic and reputational damages (ECF No. 19) will also be dismissed. Courts generally do not permit litigants to file a sur-reply, and there was no reason to allow Rivera to file one here. *See, e.g., United States Bank N.A. v. Bank of Am., N.A.*, No. 1:14-cv-01492-TWP-DKL, 2015 U.S. Dist. LEXIS 126398, at *2 (S.D. Ind. Sep. 22, 2015) (explaining that "a sur-reply is only occasionally allowed where the moving party raises *new* factual or legal issues in its reply brief"). Accordingly,

**IT IS THEREFORE ORDERED** that Nestlé's motion to dismiss (ECF No. 8) is **granted**. Rivera's complaint and this action are dismissed without prejudice. The Clerk shall enter judgment accordingly.

8

**IT IS FURTHER ORDERED** that Rivera's motion to remand (ECF No. 14), motion for leave to file sur-reply (ECF No. 18), and motion for order to take judicial notice of economic and reputational damages (ECF No. 19) are **denied.**

**IT IS FURTHER ORDERED** that Nestlé's motion to modify motion practice rules (ECF No. 24) and Rivera's motion for leave to file brief in opposition (ECF No. 27) are **DISMISSED AS MOOT**.

Dated at Green Bay, Wisconsin this 1st day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

9