# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EZEQUIEL RIVERA,**

        **Plaintiff,**

        **v.**                **Case No. 26-CV-241**

**NESTLÉ USA, INC.,**

        **Defendant.**

## DECISION AND ORDER

This court previously granted Nestlé's motion to dismiss Ezequiel Rivera's suit on the ground that Rivera's claim was barred by the doctrine of res judicata. (ECF No. 29.) Before the court now is Rivera's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 31.) He alternatively asks for the court to correct or clarify its judgment under Fed. R. Civ. P. 60(a) and seeks leave to file an amended complaint under Rule 15(a)(2). (ECF No. 31 at 1.)

### I.    Rule 59(e)

Rule 59(e) permits a court "to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). The rule is not a mechanism for curing a party's own procedural failures or for advancing new evidence or arguments that could and should have been raised prior to the entry of judgment. *See*

*A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

The court dismissed Rivera's suit because "his factual allegations against Nestlé have already been litigated and a final judgment was rendered." (ECF No. 29 at 7.) Res judicata bars "relitigation of claims that were—or could have been—determined in an earlier proceeding where the first suit resulted in a final decision on the merits, the same transaction or occurrence underlies both actions, and those actions involve the same parties." *Ruhl v. Hardy*, 692 Fed. Appx. 295, 296 (7th Cir. 2017). The doctrine prevents a party from "splitting a single cause of action [or] ... using ... several theories of recovery as the basis for separate suits." *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008) (citation omitted).

Rivera argues in the present motion that his most recent action "is narrower and different in a legally meaningful way." (ECF No. 32 at 2.) He goes on to identify how the *theory* of this action is different than his previously litigated suit. (ECF No. 32 at 3.) But as explained before, relying on a different legal theory does not circumvent the fact that Rivera's suits stem from the same transaction. *See Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co.*, 649 F.3d 539, 548 (7th Cir. 2011) ("Under well-established claim-preclusion doctrine, this common nucleus of operative facts means the claims are the same even though they involve different legal theories."). Rivera's motion continues to emphasize that the prior case did not adjudicate his present Wisconsin public-policy theory. But claim preclusion does not require the defendant to have actually litigated the precise theory now advanced; it bars claims arising from the

same nucleus of operative facts that could have been raised earlier. *See, e.g., Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (explaining that once "a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.").

Rivera has not submitted newly discovered or previously unavailable evidence to warrant amending the judgment. *See Seng-Tiong Ho*, 648 F.3d at 505 ("[P]laintiffs, in their motion for reconsideration, proffered a great deal of additional evidence… [but] made no showing that this evidence was newly discovered or previously unavailable."). Nor has he presented an argument that weakens the court's legal basis for dismissing his suit. *Id.* ("[P]laintiffs explicitly noted their disagreement with the legal reasoning of the court, but they presented no new argument that would expose an error in that reasoning."). Rivera's suit did not fail because his complaint was insufficient; it failed because the facts underlying his legal theory have already been litigated. And after reexamining the issue, the court still finds his claims are barred under the doctrine of res judicata. Consequently, his motion for reconsideration will be denied. *See, e.g., Schmidt v. Campanella Sand & Gravel Co.*, 49 F. App'x 647, 651 (7th Cir. 2002) (affirming denial of Rule 59(e) motion and dismissal of suit because plaintiff based his claims in the second complaint on the same operative facts as those in the first).

## II.    Rule 60(a)

Alternatively, Rivera seeks clarification of the scope and effect of his dismissal, as the judgment stated that the dismissal was without prejudice. (ECF No. 31 at 2.)

3

Federal Rule of Civil Procedure 60(a) enables judges to correct their clerical mistakes and similar errors. *See, e.g., Nilssen v. Sylvania*, No. 03-cv-2962, 2022 U.S. Dist. LEXIS 30622, at *26 (N.D. Ill. Feb. 22, 2022) (explaining that "Rule 60(a) is geared toward blunders, typos, mess-ups, goofs, and comparable clerical mistakes."). A district court may "correct a clerical mistake or mistake arising from oversight or omission" in a judgment, order, or other part of the record "on motion or on its own, with or without notice." *See* Fed. R. Civ. P. 60(a). "The rule applies when the text of the order does not reflect what the judge intended to do." *Nilssen*, 2022 U.S. Dist. LEXIS 30622, at *25; *see also* 12 James Wm. Moore *et al.*, Moore's Federal Practice § 60.11[1][a] (3d ed. 2026). A court cannot use Rule 60(a) to correct a judgment or order to "reflect anything other than the court's intent, as evidenced by the record, at the time the original judgment or order was entered." 12 James Wm. Moore *et al.*, Moore's Federal Practice § 60.11[1][c] (3d ed. 2026).

Relevant here, Rule 60(a) permits a judge to clarify whether a dismissal is with or without prejudice. *See Nilssen*, 2022 U.S. Dist. LEXIS 30622, at *26 ("That is, if the order said that the dismissal was with prejudice, and the judge intended a dismissal without prejudice, Rule 60(a) allows the judge to correct it. *And vice versa.*") (emphasis added); *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 860 (4th Cir. 2013) ("Because dismissal of the complaint without prejudice is logically inconsistent with the court's rationale, we conclude that the court's dismissal order implicitly dismissed the case with prejudice, and the judgment order designating a dismissal without prejudice was merely a clerical error."); *Rivera v. PNS Stores Inc.*,

647 F.3d 188, 194 (5th Cir. 2011) ("Inadvertently designating a dismissal as being 'without prejudice' instead of 'with prejudice' is the type of rote, typographical error of transcription that could be committed by a law clerk or a judicial assistant."); *LeBeau v. Taco Bell*, 892 F.2d 605, 608 (7th Cir. 1989) (explaining that if plaintiff believed the court intended to dismiss the suit without prejudice, "she could have asked the court to correct the order under Rule 60(a).").

Rivera questions "the internal inconsistency of dismissing the action on res judicata grounds while entering judgment 'without prejudice.'" (ECF No. 31 at 2.) He is correct to flag that inconsistency. As discussed above, Rivera's suit was dismissed because his claims were barred under the doctrine of res judicata. (ECF No. 29.) Given that Rivera is unable to bring a future suit rooted in these same facts, it follows that the order should have been dismissed *with* prejudice. *See Slusser v. FCA US*, No. 1:20-cv-00011-JRS-TAB, 2020 U.S. Dist. LEXIS 194817, at *7 n.1 (S.D. Ind. Oct. 21, 2020) (citing *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Because the Court holds that [Plaintiff's] claims are barred by res judicata, [Plaintiff] cannot save her claims by amendment, so the dismissal is with prejudice.")). The judgment order designating the dismissal without prejudice is logically inconsistent with the court's rationale and was merely a clerical error. The court does not alter its substantive ruling; it corrects the judgment so that it conforms to the court's original reasoning that the action is barred by res judicata.

### III.    Conclusion

Rivera argues that if all else fails, he should be allowed to amend his complaint. But district courts have broad discretion to deny leave to amend where the amendment would be futile. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). "The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted…." *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). Here, leave to amend will be denied as futile. The defect is not a lack of factual specificity that amendment could cure; the defect is that the claim is barred by res judicata. Rivera cannot relitigate a claim that could have been brought in his earlier suit. *See Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019). Accordingly,

**IT IS THEREFORE ORDERED** that Rivera's motion to alter or amend judgment (ECF No. 31) is **DENIED IN PART** and **GRANTED IN PART.** Insofar as it seeks relief under Rule 59(e), Rivera's motion is **DENIED.** Insofar as it seeks correction of the judgment under Rule 60(a), Rivera's motion is **GRANTED.** Rivera's request for leave to amend is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 60(a), the Clerk is directed to enter an amended judgment (ECF No. 30) to reflect that that action was dismissed with prejudice.

Dated at Green Bay, Wisconsin this 17th day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

6