# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EZEQUIEL RIVERA,**

      **Plaintiff,**

      **v.**                         **Case No. 26-CV-241**

**NESTLE USA, INC.,**

      **Defendant.**

## ORDER

Before the court is Rivera's motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(2), 60(b)(3), and 60(b)(6). (ECF No. 36.) He seeks an order vacating the dismissal of his suit and asks the court to set a hearing for oral argument. (ECF No. 36 at 1.)

## I.    Background

Rivera has spent several years, in several courts, litigating the events surrounding his employment termination by Nestlé. *See Rivera v. Nestle USA Inc., et al,* No. 25-CV-1643-BBC (E.D. Wis. Oct. 27, 2025); *Rivera v. Sedgwick Claims Management Services, et al.*, No. 24-CV-3247 (D. Minn. July 7, 2025); *Rivera v. Nestle USA Inc.*, No. 1:24-CV-691-WCG (E.D. Wis. June 3, 2024); *Rivera v. ACE Fire Underwriters Ins. Co.*, No. 24-CV-2610 (E.D. Pa. June 3, 2024); *Rivera v. Nestle USA Inc.*, No. 23-CV-1431-WCF (E.D. Wis. Oct. 27, 2023). Most recently, this court granted

Nestlé's motion to dismiss Rivera's present suit on the ground that Rivera's claim was barred by the doctrine of res judicata. *See* ECF No. 29; ECF No. 35.

Rivera now puts forth "newly discovered and materially significant evidence" that he believes warrants relief from judgment. (ECF No. 36 at 1.) Specifically, he provides the court with a 2025 "Worker's Compensation Decision" from the Labor and Industry Review Commission (LIRC) ("Exhibit A"), as well as a claim filed in 2023 with the Wisconsin Worker's Compensation Division ("Exhibit U"). (ECF No. 38-1 at 1-16.) Rivera asserts that the two pieces of evidence "materially change the record" because they establish that he was pushed by his coworker. (ECF No. 37 at 1.)

Alternatively, Rivera argues that relief should be granted under Rule 60(b)(3) because Nestlé "did not fairly present" the evidence that Rivera was pushed by another employee. (ECF No. 36 at 1.) If that, too, fails, Rivera maintains that relief is still warranted under Rule 60(b)(6) because the court's reasoning for the dismissal "turned on a rigid claim-preclusion analysis." (ECF No. 36 at 1.)

## II.    Legal Standard

A district court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) voidness of the judgment; (5) satisfaction of the judgment; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Courts should grant relief under Rule 60(b) only in exceptional

2

circumstances. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). Accordingly, a court has wide discretion in determining whether a case should be reinstated under Rule 60(b). *See McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (describing court's decision not to reinstate a case under Rule 60(b) as "discretion piled on discretion").

### III. Analysis

Rivera has failed to demonstrate "exceptional circumstances" that warrant granting his motion for relief from judgment. *Trade Well Int'l,* 825 F.3d at 860. As an initial matter, the "new" information Rivera presents to the court is not "newly discovered evidence." *See Carter v. CVS Pharmacy, Inc.*, 827 F. App'x 601, 603 (7th Cir. 2020). To qualify for relief under Rule 60(b)(2), the movant must have discovered the evidence *after* judgment was rendered. *Fields v. City of Chi.*, 981 F.3d 534, 554 (7th Cir. 2020). Further, the newly discovered evidence must be material, not merely cumulative or impeaching, and such that presenting the evidence would "probably produce a different result." *Id.*

Rivera does not clear the first hurdle of having discovered the evidence after the court's April 2026 judgment. The dates on Rivera's "new" evidence reveal Rivera was in possession of both "Exhibit A" and "Exhibit U" before filing the present suit: "Exhibit A" is dated July 2025, and "Exhibit U" is from 2023. *See* ECF No. 38-1 at 1-16. Moreover, "Exhibit U" is not new evidence because it was attached to Nestlé's Notice of Removal; thus, the court has always considered it in its analysis. *See* ECF No. 1-2 at 374-76. Rivera provides no explanation for his failure to timely produce

"Exhibit A" nor does he acknowledge that "Exhibit U" was included in Nestlé's removal filing. Consequently, Rivera cannot prevail under Rule 60(b)(2) because he could have presented the evidence prior to the court's judgment. *See Gleason v. Jansen*, 888 F.3d 847, 853 (7th Cir. 2018) (stating that "evidence that was available at all times...is not newly discovered").

Even if Rivera's evidence was newly discovered, a party should not prevail under Rule 60(b)(2) if the evidence would not "probably produce a different result." *See Fields*, 981 F.3d at 554. That is the case here. Rivera seems to assert that this "new" evidence conclusively establishes that he was pushed by another coworker, and that this fact will "change[ ] the posture of the dispute." (ECF No. 38 at 2.) But Rivera has always contended that he was pushed, and the court evaluated his pleadings as such. *See Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) ("We construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor.").

The evidence Rivera introduces in "Exhibit A" and "Exhibit U" puts forth facts that have already been adjudicated. *See* Carter, 827 F. App'x at 603 (explaining that the new evidence "added nothing to the record"). In this suit and in his previous ones, Rivera maintained that he was pushed, and he was given an opportunity to fully litigate his previous claim as such. *See Rivera v. Nestle USA Inc.*, No. 23-CV-1431-WCF (E.D. Wis. Oct. 27, 2023). Introducing "Exhibit A" and "Exhibit U" as further evidence of being pushed will not prevent this claim from being barred by res judicata. In his motion, Rivera implicitly concedes that the claims arise from the same

4

transaction; he notes that his first suit focused on whether his "national origin caused the termination," but that this new suit revolves around how his termination violated Wisconsin public policy. (ECF No. 37 at 4). Despite presenting a "distinct legal theory" (ECF No. 37 at 4), his suits all stem from his employment termination. Consequently, introducing this evidence would not change the fact that his claim must be dismissed under the doctrine of res judicata. *See, e.g., Coleman v. Peters*, No. 23-3353, 2024 U.S. App. LEXIS 10793, at *6 (7th Cir. May 3, 2024) (explaining that the "additional evidence he cites now does not transform this duplicative case into an original one").

Nor can Rivera prevail on his motion under Rule 60(b)(3). To set aside an order pursuant to Rule 60(b)(3), the moving party must establish the existence of fraud, misrepresentation, or misconduct by clear and convincing evidence. *Fields v. City of Chi.*, 981 F.3d 534, 558 (7th Cir. 2020). The party must further show that they were "prevented from fully and fairly presenting its case" as a result of the misconduct. *Id.* Rivera alleges that Nestlé unfairly obtained dismissal on a "materially incomplete record" (ECF No. 36 at 1)—but he does not acknowledge that his newly presented evidence of "Exhibit U" was in the record all along. Nor does he explain why it was Nestlé's responsibility to supplement the record with evidence clearly in Rivera's possession since July 2025. Either way, the absence of "Exhibit A" from the record did not prevent Rivera from fully and fairly presenting his case; it seems the underlying purpose of "Exhibit A" is to lend credence to Rivera's version of events, which the court has already done by construing the complaint in a light most favorable to him.

Finally, the court does not see "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Granting a Rule 60(b)(6) motion is left to the discretion of the court. *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). "There is, of course, a strong policy favoring the finality of judgments." *Margoles v. Johns*, 798 F.2d 1069, 1072 (7th Cir. 1986). Rivera does not present an extraordinary circumstance that warrants revisiting the judgment. *See United States v. Williams*, No. 2:17-cr-20049-SLD-EIL, 2025 LX 494366, at *3 (C.D. Ill. Oct. 29, 2025). Rather, he gives a largely similar argument as is presented in his motion to alter or amend judgment. *See* ECF No. 31. Although Rule 60(b)(6) is a catch-all provision, there is no extraordinary circumstance to grant Rivera's motion here. *See, e.g., Prak v. Skaf*, No. 23-cv-03403-SPM, 2024 U.S. Dist. LEXIS 130146, at *6 (S.D. Ill. July 23, 2024) (noting that Rule 60(b) "is not an appropriate vehicle for rehashing old arguments"). Accordingly,

**IT IS THEREFORE ORDERED** that Ezequiel Rivera's MOTION for Relief from Judgment, MOTION to Vacate Orders, and MOTION for Oral Argument Hearing (ECF No. 36) is **DENIED**.

Dated at Green Bay, Wisconsin this 11th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
